UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>DARIO FARIAS-VALDOVINOS,<br><br>                    Defendant. | CASE NO. CR20-87-RSM<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION** |

Defendant has moved to reopen the detention decision arguing the Court should release him on the grounds he can reside with his niece and husband, he receives inadequate medical attention at the FDC, and the COVID-19 pandemic has "impacted him." Dkt. 49 at 1. The government opposes the motion arguing defendant's proposed residence does not address the reasons he was originally detained, and his medical concerns is not a factor that goes to whether defendant is a danger to the community of risk of flight. Dkt. 50.

The Court considers motions to reopen detention hearings where COVID-19 grounds are asserted on a case-by-case basis under 18 U.S.C. § 3142(i)'s "compelling reason" standard and by evaluating the: "(1) original grounds for pretrial detention; (2) specificity of the defendant's stated COVID-19 concerns; (3) extent the proposed release plan mitigates or exacerbates other COVID-19 risks to the defendant; and (4) likelihood defendant's proposed release would increase COVID-19 risks to others." *United States v.* Cazares, 445 F.Supp.3d 425, 430 (2020)

ORDER DENYING MOTION TO REOPEN
DETENTION - 1

(citation omitted). This framework is appropriate here as it addresses defendant's COVID-19 health claims and includes the traditional test under § 3145(g) by weighing the original grounds for pretrial detention.

The Court ordered defendant detained because he is charged with an offense carrying a presumption of detention; he is a flight risk being a citizen of Mexico who has been removed before, faces a mandatory ten year prison sentence and has the incentive to flee, and can flee to a foreign country. The government also proffered defendant took steps to avoid arrest by allegedly trying to conceal his identity and his whereabouts by obtaining a new phone and registering it to an address at which he did not live.

Defendant argues his nieces' offer that he can live with her is a new circumstance that provides grounds to reopen detention. But this offer does not offset the danger of flight found at the detention hearing and is thus not grounds to reopen.

Defendant also argues he should be released because his kidney stones are not adequately being treated at the FDC. But the motion he submitted indicates the FDC had defendant examined and treated for kidney stones at an outside emergency room, that he was given medication that has not resolved his kidney stones and he is currently receiving ibuprofen for pain complaints. This recitation does not establish inadequate medical care. Finally, defendant contends he contracted COVID-19 at the FDC. He presents nothing showing how this fact alone merits reopening.

The Court concludes defendant's risk of flight overrides his niece's offer to provide a place for him to reside and his health and COVID-19 concerns and accordingly ORDERS:

(1) Defendant's motion to reopen, Dkt. 49, is DENIED.

(2) The Clerk shall provide copies of this order to all counsel.

DATED this 12th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN
DETENTION - 3