1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff

        v.

DARIO FARIAS-VALDOVINOS,

        Defendant.

CASE NO. CR20-87RSM

ORDER DENYING MOTION FOR
REVIEW OF DETENTION ORDER

This matter comes before the Court on the Motion for Review of Detention Order filed by Defendant Dario Farias-Valdovinos.  Dkt. #54.  The Court has determined that oral argument is unnecessary.  Mr. Farias-Valdovinos moves for review of Magistrate Judge Tsuchida's July 31, 2020, Order that he be detained pending trial, Dkt #35, as well as the decision denying Mr. Farias-Valdovinos's motion to reopen his detention hearing issued on February 12, 2021, Dkt. #53.  Although he mentions health issues he faces while in detention, the majority of his Motion focuses on the charges and history and characteristics of Mr. Farias-Valdovinos.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  The District Court judge with original jurisdiction then reviews de novo the

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

Magistrate Judge's detention order.  *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990).   In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.  18 U.S.C. § 3142(f).  The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).  However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed. . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed…

18 U.S.C. § 3142(e).

The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

The Government has accurately recounted the charges facing Defendant Farias-Valdovinos and the procedural history of this case, Dkt. #56 at 2–4, and the Court finds it unnecessary to restate background information well known to the parties.  Defendant is alleged to have participated in a conspiracy to distribute cocaine in large quantities.  The Government thus brings charges under 21 U.S.C. §  841(a)(1) and (b)(1)(A), and § 846.  This offense carries a 10-year mandatory minimum sentence.

A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

As an initial matter, the Court finds that Mr. Farias-Valdovinos has failed to set forth new information that has a material bearing.  Defendant has submitted that he now has a "solid proposed release address with pro-social family members who are upstanding members of their community," Dkt. #54 at 6, but the Court agrees with the Government that detention was ordered primarily because of his flight risk.  Defendant has failed to demonstrate how a suitable release address lowers his risk of flight.  Defendant points to certain medical issues, currently being addressed by BOP, but these too have no material basis on his risk of flight.

There is a presumption of detention in this case under 18 U.S.C. § 3142(e).  The Court has reviewed the briefing, attachments, and the entire record and finds no basis to question Judge Tsuchida's initial reasons for detention or denial of Defendant's Motion to Reopen Detention. The Court agrees with the following analysis from Judge Tsuchida:

> The Court ordered defendant detained because he is charged with an offense carrying a presumption of detention; he is a flight risk being

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

a citizen of Mexico who has been removed before, faces a mandatory ten year prison sentence and has the incentive to flee, and can flee to a foreign country. The government also proffered defendant took steps to avoid arrest by allegedly trying to conceal his identity and his whereabouts by obtaining a new phone and registering it to an address at which he did not live.

Defendant argues his nieces' offer that he can live with her is a new circumstance that provides grounds to reopen detention. But this offer does not offset the danger of flight found at the detention hearing and is thus not grounds to reopen.

Defendant also argues he should be released because his kidney stones are not adequately being treated at the FDC. But the motion he submitted indicates the FDC had defendant examined and treated for kidney stones at an outside emergency room, that he was given medication that has not resolved his kidney stones and he is currently receiving ibuprofen for pain complaints. This recitation does not establish inadequate medical care. Finally, defendant contends he contracted COVID-19 at the FDC. He presents nothing showing how this fact alone merits reopening.

Dkt. #53 at 2.

The Court agrees with the Government that "Farias-Valdovinos poses a serious risk of voluntary nonappearance on these charges" based on the record before Judge Tsuchida. *See* Dkt. #56 at 6.  The Court finds that the weight of the evidence, though it is the least important factor, weighs in favor of detention in this case.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Review of Detention Order, Dkt. #54, is DENIED.

DATED this 25th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4